**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

EDDIE L. SWINSON,

      Plaintiff,

vs.                                                  Case No. 3:05-cv-1133-J-32MCR

MICHAEL J. ASTRUE,
Commissioner of Social Security,

      Defendant.

_____

**<u>ORDER ON PLAINTIFF'S APPLICATION FOR ATTORNEY'S FEES</u>**[1]

This case is before the Court on Plaintiff's Application for Attorney's Fees Pursuant to the Equal Access to Justice Act (Doc. 25). Plaintiff and his counsel filed affidavits in support of the application (Doc. 25, Exhibit 5 & Doc. 28). Plaintiff filed a notice stating that the Commissioner does not object "to the filing of the E.A.J.A."[2] (Doc. 29).

Based upon the application and supporting itemization and the Court's independent review, the Court makes the following legal and factual findings:

    (1)    Attorney's fees are authorized in this action because plaintiff, having obtained a sentence four remand/reversal of denial of benefits, is a "prevailing party," <u>Shalala v.</u>

---

[1] Under the E-Government Act of 2002, this is a written opinion and therefore is available electronically. However, it has been entered only to decide the motion or matter addressed herein and is not intended for official publication or to serve as precedent.

[2] While the Court does not necessarily construe this as an agreement to the amount of fees sought by plaintiff's E.A.J.A. filing, the Commissioner had the opportunity to object to the sums sought and did not.

Schaefer, 509 U.S. 292, 300-02 (1993); the Commissioner's position here was not substantially justified; the plaintiff had a net worth of less than $2,000,000 at the time the complaint was filed and there are no special circumstances which would make the award unjust. See 28 U.S.C. §2412(d); Commissioner, I.N.S. v. Jean, 496 U.S. 154, 158 (1990).

(2)   The amount of attorney's fees to be awarded "shall be based upon the prevailing market rates for the kind and quality of the service furnished," except that attorney's fees shall not exceed $125 per hour unless the Court determines that an increase in the cost of living or a "special factor" justifies a higher fee award. 28 U.S.C. §2412(d)(2)(A). The awarded fee may not exceed twenty-five percent of the claimant's past due benefits. 42 U.S.C. §406(b)(1). There is no contention here that the claimed fee would exceed that amount.

(3)   The Court accepts plaintiff's contention that a statutory cost of living adjustment is appropriate in the hourly rate and the Court will award fees based on plaintiff's proposed hourly rate of $155.59 for hours spent in calendar year 2005, $161.33 for hours spent in calendar year 2006, and $163.72 for hours spent in calendar year 2007.

(4)   Plaintiff seeks an award based on 12.45 hours of attorney time (0.6 hours spent in 2005, 10.85 hours spent in 2006, and 1 hour spent in 2007). Upon review of plaintiff's counsel's time records, the Court finds the time spent is reasonable.

(5)   The Court finds that $2,007.50 ($155.59 x 0.6 hours ($93.35) plus $161.33 x 10.85 hours ($1,750.43) plus $163.72 x 1.0 hours ($163.72)) is a reasonable fee in this case (plaintiff proceeded *in forma pauperis* and did not incur costs).

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

Plaintiff's Application for Attorney's Fees Pursuant to the Equal Access to Justice Act (Doc. 25) is **GRANTED** and the Clerk shall enter judgment in favor of plaintiff and against defendant in the amount of $2,007.50 in attorney's fees.

**DONE AND ORDERED** at Jacksonville, Florida, this 2nd day of April, 2007.

_____
TIMOTHY J. CORRIGAN
United States District Judge

s.

Copies to:

N. Albert Bacharach, Jr., Esq.
Susan R. Waldron, Esq. (AUSA-Tampa)